NOT DESIGNATED FOR PUBLICATION

No. 115,558

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EARL F. CROOKS, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed June 2, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*:  Earl F. Crooks, Jr., appeals the district court's revocation of his probation. He argues that the motion to revoke his probation should have been dismissed by the court because the delay in adjudicating his probation violation violated his due process rights and deprived the district court of jurisdiction to revoke his probation. Finding no errors, we affirm.

FACTS

Crooks pled guilty to one count of criminal possession of a firearm, a felony, and one count of domestic battery, a misdemeanor. On July 17, 2014, the district court sentenced him to 17 months' imprisonment but granted 12 months' probation.

Less than 2 months later, on September 8, 2014, the district court issued a warrant for Crooks' arrest for probation violations. Specifically, the warrant alleged that Crooks failed to refrain from using drugs and alcohol, tested positive for methamphetamine and marijuana, failed to pay his court costs, and had been charged with criminal possession of a firearm in a new criminal case. Crooks was taken into custody and appointed an attorney.

Crooks' probation violation hearing was set for October 3, 2014. The matter was continued at Crooks' request to October 16 so that his probation violation matter could track with his new criminal case, which was set for a preliminary hearing on that date. On October 16, Crooks again asked for a continuance, which was granted. Another hearing was scheduled for December 12, 2014, but Crooks asked for yet another continuance. The district court granted the continuance and set the matter for a hearing on March 30, 2015. On March 30, Crooks asked for another continuance and the matter was again continued by the court to July 6, 2015. On July 6, 2015, the court on its own accord continued the matter.

The district court set the probation violation hearing on November 19, 2015, but Crooks asked for a continuance. Both the probation violation hearing and the sentencing for Crooks' criminal case were set for January 5, 2016. On December 31, however, Crooks filed a pro se motion to dismiss the probation violation claiming he was prejudiced due to the delay in adjudicating the probation violation matter, which violated

his due process rights. The district court continued the probation violation hearing to January 22, 2016, to allow Crooks' attorney to file a formal motion on his behalf.

The probation violation hearing was held on January 22, 2016. Crooks' attorney acknowledged that the delay in adjudicating Crook's probation violation was because Crooks had requested multiple continuances but argued that the State had the obligation of proceeding with the probation violation "if they were really serious" about it. Crooks' attorney then alleged that, as a result of the delay, Crooks suffered prejudice because if the probation violation matter had gone forward, Crooks might have received a "quick dip" intermediate sanction or been eligible to be released on bond or receive treatment in an inpatient center. The district court denied Crooks' motion to dismiss the probation violation after finding that the invited error doctrine applied because Crooks asked for the now complained-of delay and that Crooks did not suffer any prejudice due to the delay.

Crooks then waived his right to an evidentiary hearing on his probation violation and admitted that he violated the conditions of his probation. The district court revoked Crooks' probation and imposed the underlying sentence of 17 months' imprisonment to run consecutive to the sentence imposed in his new criminal case. The district court also granted Crooks 633 days of jail credit. Crooks timely appealed.

ANALYSIS

"Probation from serving a sentence under Kansas law is generally considered 'an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right.' [Citations omitted.]" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has established that the defendant violated the conditions of probation, the decision to revoke probation lies within the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The district court abuses its discretion if the judicial action is (1) arbitrary, fanciful, or

unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016).

Crooks claims that the district court improperly denied his motion to dismiss and lacked jurisdiction to revoke his probation because the delay in adjudicating his probation violation violated Crooks' due process rights. When reviewing a district court's decision that a delay between the issuance of a warrant in probation revocation proceedings and the probation revocation hearing did not violate due process, this court applies an unlimited standard of review because constitutional rights, jurisdiction, and statutory interpretation are involved—all of which this court reviews de novo. See *State v. Hall*, 287 Kan. 139, 143, 195 P.3d 220 (2008); *State v. Morales*, No. 113,333, 2016 WL 1391779, at *3 (Kan. App. 2016) (unpublished opinion). Whether a delay was reasonable depends on the facts of each case. *Hall*, 287 Kan. at 145.

*Invited error*

Before reaching the merits of Crooks' due process claim, the State first points out that Crooks invited any alleged error here because he "advocated for and acquiesced to postponing the [revocation] hearing to address his probation violation until such time as he was sentenced in his new case." Thus, the State urges this court to affirm the district court's decision because acquiescence to the delay "amounts to inviting the error of which he now complains."

Whether the invited error doctrine applies is a question of law over which this court has unlimited review. *State v. Hankins*, 304 Kan. 226, 230, 372 P.3d 1124 (2016). "'A party may not invite error and then complain of that error on appeal.' [Citation omitted.]" *Greer v. Greer*, 50 Kan. App. 2d 180, 192, 324 P.3d 310 (2014). The invited error doctrine "reflects the common-sense notion that parties cannot complain to an appellate court about their own conduct at trial—or that of their lawyers—or about

4

rulings they have asked (or invited) a judge to make." *State v. Hargrove*, 48 Kan. App. 2d 522, 531, 293 P.3d 787 (2013). The purpose of this rule is to prevent "manipulative tactics" that invite district courts to make mistakes that may require reversal of an unfavorable verdict. 48 Kan. App. 2d at 553.

Nonetheless, the invited error doctrine is a judicially created rule and "'should be tailored as necessary to serve its particular purpose without unnecessarily thwarting the ends of justice.' [Citation omitted.]" *Greer*, 50 Kan. App. 2d at 192. Similarly, the invited error rule cannot be used as a pretextual excuse for violating a defendant's constitutional rights where there is otherwise no justification for doing so. *State v. Conner*, No. 89,918, 2004 WL 1542320, at *2 (Kan. App. 2004) (unpublished opinion).

After careful consideration, we believe the specific facts of this case implicate the invited error doctrine and therefore bar Crooks' claim. We also believe there has been no showing that the continuances granted to Crooks by the district court were a pretext for violating his due process rights. Crooks specifically asked the court to delay his probation violation hearing so that his criminal case could run together with his probation violation. At the probation revocation hearing, the district court asked Crooks' attorney if the delay was due to Crooks' requests for continuances so that his probation violation matter could be resolved at the same time as his new case. Crooks' attorney responded:

> "I think that the short answer perhaps is yes. . . . I do not dispute that the idea, as I understood it, was that this [probation violation] would just ride along with the criminal case.
>
> "There's no question that we, being myself and my client, authorized and requested continuances of the criminal case in an effort to get ready for that criminal case."

This is invited error; in response to the district court's unfavorable ruling, Crooks is now claiming an unreasonable delay where he himself caused that delay. As put by the district court:

"If Mr. Crooks is requesting continuances or acquiescing in continuances on the [probation violation] so that he could combine it with and resolve it at the same time as the new criminal case . . . it's kind of disingenuous for him to later complain that he's [been] prejudice[d] or delayed in resolving the [probation violation] case when he's been asking for continuances on it."

As Crooks invited this delay, he cannot now complain of it on appeal. See *State v. Wages*, No. 100,624, 2009 WL 1858357, at *2 (Kan. App. 2009) (unpublished opinion) (explaining that defendant could not complain about State's delay in prosecuting his probation violation because he caused the complained-of delay by refusing to sign an extradition waiver).

*Due process*

Regardless of whether Crooks invited the now complained-of delay, his due process claim still fails. While relatively unclear, Crooks appears to argue that his due process rights were violated because the delay in "bringing [Crooks] forward on this probation violation allegation in a timely manner" constituted prejudice. Specifically, Crooks claims, the delay prejudiced him because he may have been "eligible for lesser sanctions," and he lost the ability to present mitigating evidence. Thus, Crooks contends that his due process rights were violated because the district court erroneously denied his motion to dismiss, and the district court lacked jurisdiction to revoke his probation.

While a district court's decision to revoke probation is generally reviewed for abuse of discretion, this court exercises unlimited review over whether a due process violation has occurred. *Hall*, 287 Kan. at 143. Although the district court's initial decision

6

to grant probation "is an act of grace, once the privilege of probation has been bestowed upon a defendant, he or she acquires a conditional liberty interest which is subject to substantive and procedural due process limits on its revocation." *State v. Hurley*, 303 Kan. 575, 581, 363 P.3d 1095 (2016). As explained by this court:

> "The Due Process Clause of the Fourteenth Amendment to the United States Constitution imposes procedural and substantive requirements when the State deprives someone of liberty, such as through the revocation of an individual's probation. The failure to act in a timely and reasonable manner to pursue adjudication of a probation violation violates the Due Process Clause and divests the district court of jurisdiction to revoke probation." *State v. Curtis*, 42 Kan. App. 2d 132, Syl. ¶ 2, 209 P.3d 753 (2009).

Under Kansas law, there are two ways for a defendant to establish a due process violation because of the State's delay in prosecuting a probation violation. First, the defendant can show that the State waived its right to prosecute the violation. *Curtis*, 42 Kan. App. 2d at 139. Crooks makes no mention of waiver here. An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Alternatively, the defendant can establish a due process violation if the delay was unreasonable because it prejudiced the defendant. *Curtis*, 42 Kan. App. 2d at 139; *State v. Starnes*, No. 94,637, 2006 WL 1816399, at *2 (Kan. App. 2006) (unpublished opinion).

Crooks first claims that he was prejudiced because he may have been eligible for lesser sanctions or released on bond while waiting for his new case to be tried. This allegation of prejudice is simply too speculative to rise to the level of a due process violation. To establish a due process violation, the defendant must "show an infringement of a liberty interest." *Hall*, 287 Kan. at 154; see *Davis v. Finney*, 21 Kan. App. 2d 547, 553, 902 P.2d 498 (1995). As explained by the United States Supreme Court:

"The types of interests that constitute 'liberty' . . . are not unlimited; the interest must rise to more than 'an abstract need or desire,' [citation omitted], and must be based on more than 'a unilateral hope,' [citation omitted]. Rather, an individual claiming a protected interest must have a legitimate claim of entitlement to it." *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989).

Crooks has no legitimate claim of entitlement to the possibility that perhaps the district court may have imposed "lesser sanctions" or released Crooks on bond. In *Moody v. Daggett*, 429 U.S 78, 87-88, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976), the defendant made a similar argument but instead claimed that his due process rights were violated because the delay in adjudicating his probation violation matter deprived him of the possibility of serving his sentences concurrently. The United States Supreme Court rejected this argument and held that Moody did not have a right to concurrent sentences and the possibility that he could receive concurrent sentences was too remote and uncertain to be a protected liberty interest. 429 U.S. at 87-88.

The same reasoning set out in *Moody* applies here: Crooks had no right to lesser sanctions or being released on bond, and the possibility that the district court may have granted these lesser sanctions is simply too speculative to rise to the level of a liberty interest. Thus, Crooks' claim of prejudice is unpersuasive because he has not established any infringed-upon liberty interest.

Crooks also avers that he was prejudiced because his ability to locate witnesses or present mitigating evidence was diminished due to the delay. As noted by our Supreme Court in *Hall*, "prejudice may arise if there is an actual loss of evidence regarding mitigating circumstances that would be presented to influence the court regarding disposition." 287 Kan. at 155. But this requires that Crooks show "'that actual significant prejudice to him has resulted.' [Citation omitted.]" 287 Kan. at 155-56. Crooks does not explain how he suffered actual significant prejudice because of a loss of mitigating evidence; he simply asserts that "[w]itnesses tend to become unavailable and

8

recollections become less and less clear." This generalized statement is insufficient to show that he was prejudiced by the delay in adjudicating his probation revocation matter. Crooks' due process claim fails.

The district court did not err in denying Crooks' motion to dismiss, nor did the district court lack jurisdiction to revoke Crooks' probation and impose his underlying sentence.

Affirmed.