NOT DESIGNATED FOR PUBLICATION

No. 117,148

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

IBRAHEEM R. ALI,
*Appellant*,

v.

SAM CLINE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed October 6, 2017. Affirmed in part and dismissed in part.

*Ibraheem R. Ali*, pro se appellant.

*Jon D. Graves*, of Kansas Department of Corrections, for appellee.

Before POWELL, P.J., MALONE, J., and LORI A. BOLTON FLEMING, District Judge, assigned.

POWELL, J.:  Ibraheem R. Ali appeals from the district court's summary dismissal of his K.S.A. 60-1501 petition, arguing for the first time on appeal that the Shawnee County District Court misclassified his 1992 burglary conviction as a person felony. Additionally, Ali argues the district court erred in dismissing his petition without a hearing and that the district court failed to follow proper procedure when denying his motion for change of judge. Because the district court had no jurisdiction to consider Ali's first claim, we dismiss it. We affirm the district court in all other respects.

1

Pursuant to plea agreements, Ali was sentenced in June 1993 by the Shawnee County District Court in 92CR2870 to three concurrent 5- to 20-year terms for three convictions of aggravated robbery. These sentences were to be served consecutive to his sentence in 92CR2631 for a burglary conviction. In October 1993, the district court granted Ali's motion for downward sentence in 92CR2631 and sentenced him to a 1- to 5-year prison term. The journal entry granting the downward sentence modification specifically ordered that the sentence was "to run consecutively to [Ali's] sentence in 92CR2870, for an aggregate sentence of not less than six (6) years, nor more than twenty-five (25)."

In 1998, while on parole, Ali was convicted by a jury of two counts of aggravated robbery and one count of kidnapping in Douglas County case 98CR332. The district court sentenced Ali to 194 months' imprisonment, consecutive to the sentences in 92CR2870 in accordance with the special rule mandating consecutive sentences because Ali committed the new crimes while he was on parole. The journal entry was silent with respect to 92CR2631.

On August 3, 2015, Ali filed a grievance with the Kansas Department of Corrections (KDOC), claiming it had improperly calculated his release date by treating his sentence in 98CR332 as consecutive to all of his prior sentences. Ali argued that the sentencing court had never ordered his sentence in 98CR332 to run consecutive to his sentence in 92CR2631. KDOC rejected Ali's grievance, stating it had correctly calculated his release date.

Ali timely petitioned for relief pursuant to K.S.A. 60-1501 in the Reno County District Court on August 28, 2015. Judge Rose dismissed Ali's petition on September 23, 2015, finding he was not entitled to relief. Following the dismissal, Ali filed three

2

postjudgment motions, including a motion in May 2016 for relief from the judgment. In that motion, Ali argued the judgment was void because Judge Rose had engaged in improper ex parte communications with KDOC in reaching her decision to dismiss.

On July 21, 2016, Ali's petition was reassigned to Judge McCarville. The district court appointed Ali counsel; in September 2016, counsel filed a supplemental brief to Ali's petition. The district court held a hearing on the petition three days later (no record of this hearing was included in the record on appeal); according to the journal entry, the district court continued the matter to November 9, 2016, in order to give KDOC time to respond to Ali's counsel's supplemental brief. The November 9, 2016 hearing was then continued to December 7, 2016, to give the district court time to consider the briefs filed by the parties.

On November 16, 2016, Ali moved for a change of judge pursuant to K.S.A. 20-311d. By written order issued that same day, Judge McCarville summarily denied Ali's motion on the grounds that under K.S.A. 20-311f Ali was not entitled to a second change of judge and that the motion was untimely.

On November 29, 2016, the district court issued the order dismissing Ali's 1501 petition. In relevant part, the district court found that KDOC could accurately use the sentencing journal entries to calculate Ali's release date.

Ali timely appeals.

DOES THIS COURT HAVE JURISDICTION TO CONSIDER THE MERITS
OF ALI'S CONVICTION AND SENTENCING CLAIMS?

On appeal, Ali argues that the Shawnee County District Court misclassified his 1992 burglary conviction in 92CR2631, making his conviction void and his sentence illegal.

Although the State does not raise this issue, we have a duty to question jurisdiction on our own initiative; where the record discloses a lack of jurisdiction, we must dismiss the appeal. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013). Whether jurisdiction exists is a question of law over which our review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015).

To answer the jurisdiction question, we must first construe Ali's pro se petition and appeal. Our Supreme Court has dictated that we are to liberally construe Ali's pro se pleadings, which means we are to give effect to the content rather than the labels and forms Ali used to articulate his arguments. See *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014) (quoting *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 [2010]). However, while we may liberally construe a pro se pleading, we "cannot transform the reality of a pleading's content or the arguments being advanced." *State v. Hankins*, 304 Kan. 226, Syl. ¶ 2, 372 P.3d 1124 (2016); *Gilbert*, 299 Kan. at 798.

The substance of Ali's first argument appears to be one asserting an illegal sentence and/or a claim attacking one of his convictions. Ali argues that he was originally charged with two counts of burglary, classified as Class D felonies, in accordance with the law in effect in 1992, but was convicted and sentenced for one severity level 7 person felony under the 1993 version of K.S.A. 21-3715, the burglary statute.

4

A party may raise a challenge to an illegal sentence for the first time on appeal. K.S.A. 22-3504(1); *State v. Wood*, 306 Kan. 283, 284, 393 P.3d 631 (2017). However, this court must have appellate jurisdiction over the subject matter on appeal; if the district court lacked jurisdiction, we also lack jurisdiction. See *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 456, 284 P.3d 337 (2012). Appellate courts have jurisdiction over a motion to correct an illegal sentence if it "falls within the appellate jurisdiction of the appellate court that has jurisdiction to hear the original appeal." *State v. Thomas*, 239 Kan. 457, 459, 720 P.2d 1059 (1986). A motion to correct an illegal sentence is a motion to be filed in a defendant's criminal case. See *Davidson v. Pryor*, No. 112,800, 2015 WL 5224820, at *3 (Kan. App. 2015) (unpublished opinion); see also *Hankins*, 304 Kan. at 231 (finding court properly construed defendant's motion as motion to correct illegal sentence because it was "filed under the criminal case number and . . . prosecuted to conclusion in criminal action"); *State v. Janes*, No. 100,586, 2009 WL 3270855, at *1 (Kan. App. 2009) (unpublished opinion) (describing differences between K.S.A. 60-1501 petition and motion to correct illegal sentence). Case 92CR2631 was prosecuted in the Shawnee County District Court; therefore, only the Shawnee County District Court has the jurisdiction to consider Ali's illegal sentence claims arising under this case. Because Ali brought his present action in Reno County District Court, which lacked the jurisdiction to consider any illegal sentence claims by Ali, we must dismiss his illegal sentence claim.

As to Ali's alternative claim that his conviction for burglary is void because it was misclassified, for similar reasons we again lack the jurisdiction to consider this claim. Ali's original petition was filed pursuant to K.S.A. 60-1501. Such a petition typically challenges the mode or condition of a prisoner's confinement and is filed in the county of confinement. K.S.A. 2016 Supp. 60-1501. Ali properly filed his 1501 petition in the Reno County District Court because he was incarcerated in Reno County at the time he filed his petition. However, a challenge to a conviction or sentence is filed by a motion under K.S.A. 60-1507, and only the sentencing court has jurisdiction to hear such a motion.

5

K.S.A. 2016 Supp. 60-1507. Therefore, even if we construed Ali's petition as a motion filed pursuant to K.S.A. 60-1507, such a motion needed to be filed in the Shawnee County District Court—the sentencing court. Because it was not, we lack the jurisdiction to consider the claim. See *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211, *rev. denied* 256 Kan. 996 (1994).

## DID THE DISTRICT COURT ERR IN SUMMARILY DISMISSING ALI'S K.S.A. 60-1501 PETITION?

Ali next argues the district court erred in summarily dismissing his claim that KDOC could not properly calculate the release date of his sentences based on ambiguous journal entries. To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner must allege

> "shocking and intolerable conduct or continuing mistreatment of a constitutional stature. Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists. [Citations omitted.]" *Johnson v. State*, 289 Kan. 642, 648-89, 215 P.3d 575 (2009).

We apply an unlimited standard of review to the district court's decision to summarily dismiss a K.S.A. 60-1501 petition. *Johnson*, 289 Kan. at 649.

The district court summarily dismissed Ali's petition, finding that the record clearly recorded Ali's sentences so that KDOC could accurately calculate Ali's release date. Additionally, although not expressly stated, the district court applied the special rule found in K.S.A. 21-4608(c) (now codified as K.S.A. 2016 Supp. 21-6606[c])—requiring that sentences for new crimes committed while on parole should run consecutive to any

6

prior sentences—to Ali's sentence in 98CR332 because Ali committed his crimes while on parole.

Ali has asserted on appeal that *Luarks v. Kansas Dep't of Corrections*, No. 91,223, 2004 WL 1176700 (Kan. App. 2004) (unpublished opinion), supports his position that KDOC improperly treated his sentence in 98CR332 as consecutive to his sentence in 92CR2631. This reliance is misplaced. In *Luarks*, the journal entry reflecting Luarks' sentence for a 1982 felony committed while on parole was silent as to whether the 1982 sentence ran concurrent or consecutive to his previous sentence ordered in 1981. KDOC later recalculated Luarks' sentences and reasoned that a new court order was unnecessary because it found K.S.A. 21-4608 clearly required Luarks to serve a mandatory consecutive sentence for the 1982 felony.

The *Luarks* court ruled that although KDOC correctly interpreted the statute as requiring a consecutive sentence, KDOC failed to follow the proper procedure: To contact the sentencing court for a correction. The *Luarks* court reasoned:

> "When the trial court imposes a concurrent sentence contrary to K.S.A. 1982 Supp. 21-4608(3), an illegal sentence has been imposed. In such cases, the trial court had the power and the duty to subsequently correct its error and impose a lawful sentence. The correction for a mandatory sentence can be accomplished with a nunc pro tunc journal entry. [Citations omitted.]" 2004 WL 1176700, at *2.

According to Ali, *Luarks* requires this court to order the sentencing court to issue a nunc pro tunc journal entry because KDOC incorrectly calculated his release date by treating his sentence in 98CR332 as consecutive to his sentence in 92CR2631, when the sentencing court only ordered he serve his sentence in 98CR332 consecutive to his sentences in 92CR2870.

7

But *Luarks* is distinguishable from Ali's appeal. While it is true, like in *Luarks*, that the journal entry in 98CR332 is silent as to whether the sentence should run concurrently or consecutively to 92CR2631, unlike *Luarks*, here the journal entries properly record Ali's sentence in 92CR2631. The record provides that Ali received consecutive sentences in 92CR2631 and 92CR2870. Further, as stated above, the record makes clear that Ali must serve his sentence in 98CR332 consecutive to 92CR2870 and also cites the special rule in K.S.A. 21-4608(c) (now codified as K.S.A. 21-6606[c]). Given that the Shawnee County District Court specifically ordered the sentences in 92CR2631 and 92CR2870 to run consecutively to each other and given that the Douglas County District Court specifically ordered the sentence in 98CR332 to run consecutively to the sentence in 92CR2870, there is no ambiguity. KDOC did not improperly calculate Ali's release date when it determined that Ali must serve his sentence in 98CR332 consecutive to his sentence in 92CR2631. KDOC was not required to ask the Douglas County District Court for a nunc pro tunc order.

We also note that another panel of our court has reached the same conclusion in Ali's other case. *State v. Ali*, No. 115,979, 2017 WL 2494956 (Kan. App. 2017) (unpublished opinion).

The record supports the district court's finding that KDOC could accurately calculate Ali's release date based on the sentencing journal entries. KDOC properly applied the sentences as ordered by the sentencing court. Ali is not entitled to relief, and the district court did not err in summarily dismissing Ali's K.S.A. 60-1501 petition.

DID THE DISTRICT COURT ERR IN DENYING ALI'S MOTION FOR CHANGE OF JUDGE?

In his final argument on appeal, Ali argues that Judge McCarville erred in denying his motion for change of judge by failing to follow the procedures outlined in K.S.A. 20-311d. Our standard of review over recusal questions, including any statutory

8

interpretation questions, is unlimited. *State v. Moyer*, 302 Kan. 892, 920, 360 P.3d 384 (2015); *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

K.S.A. 20-311d provides in relevant part:

"(a) If a party or a party's attorney believes that the judge to whom an action is assigned cannot afford that party a fair trial in the action, the party or attorney may file a motion for change of judge. The motion shall not state the grounds for the party's or attorney's belief. The judge shall promptly hear the motion informally upon reasonable notice to all parties who have appeared in the case. If the judge disqualifies the judge's self, the action shall be assigned to another judge by the chief judge. If the judge refuses to disqualify the judge's self, the party seeking a change of judge may file the affidavit provided for in subsection (b). If an affidavit is to be filed it shall be filed immediately."

"(b) If a party or a party's attorney files an affidavit alleging any of the grounds specified in subsection (c), the chief judge shall at once determine, or refer the affidavit to another district judge for prompt determination of, the legal sufficiency of the affidavit. . . . If the affidavit is found to be legally sufficient, the case shall be assigned to another judge."

K.S.A. 20-311f states:

"No party shall be granted more than one change of judge in any action, but each party shall be heard to urge such party's objections to a judge in the first instance, except that in prejudgment matters a party may move for a change of judge in accordance with K.S.A. 20-311d and amendments thereto within seven days after pretrial, or after receiving written notice of the judge before whom the case is to be heard, whichever is later. In post judgment proceedings the motion may be filed at any time."

The record shows that on July 21, 2016, the case was reassigned to Judge McCarville following Ali's motion for relief from judgment. However, Ali did not move for a change of judge pursuant to K.S.A. 20-311d until November 16, 2016. By written

9

order issued the same day, Judge McCarville summarily denied Ali's motion on the grounds that Ali was not entitled to a second change of judge under K.S.A. 20-311f and that the motion was untimely. Additionally, the record shows that Ali did not file an affidavit but argues on appeal that he was unable to file it because the district court denied his motion without a hearing. Judge McCarville issued his final judgment on November 29, 2016.

We agree with the district court's denial of Ali's request for a new judge. A K.S.A. 60-1501 petition is a civil proceeding. K.S.A. 2016 Supp. 60-1501; *White v. Shipman*, 54 Kan. App. 2d 84, 89, 396 P.3d 1250 (2017). Ali's motion for change of judge came prior to Judge McCarville's final order in the case. Because the case was in prejudgment stage, the time limitations of K.S.A. 20-311f apply.

Here, Ali received written notice of the reassignment to Judge McCarville's court on or about July 21, 2016. The record provides that the district court held a hearing on Ali's petition on September 29, 2016, but fails to show whether a pretrial hearing was held. K.S.A. 20-311f specifies that a motion to change judge must be filed within seven days after the pretrial or after receiving written notice of the judge before whom the case is to be heard, *whichever is later*. Because the record fails to substantiate whether a pretrial hearing was held, we cannot determine from the record when Ali's seven days had run. Therefore, we are unwilling to affirm the district court's denial on timeliness grounds.

However, Ali's request for a new judge can be properly denied on the grounds that he had already been implicitly granted an earlier request for a new judge. K.S.A. 20-311f prohibits a party from being granted more than one change of judge in any action. Ali's motion for relief from judgment asserted that the judgment—Judge Rose's dismissal of his petition—was void due to Judge Rose engaging in improper ex parte communication with KDOC. As a result of this motion, Judge McCarville was appointed, and he

10

considered Ali's petition anew. Ali's attempt to remove Judge McCarville amounts to an improper second bite at the apple according to K.S.A. 20-311f.

Also fatal to Ali's claim for a new judge is his failure to file an affidavit. According to K.S.A. 20-311d(a) and (b), if a judge has refused to disqualify the judge's self, as Judge McCarville did here, the statute provides for the party seeking a change of judge to file an affidavit outlining the reasons supporting a change of judge. This affidavit, along with the motion to change judge, is to then be considered by the chief judge. Our Supreme Court has held that a movant who fails to file the requisite affidavit with the chief judge or who fails to include the affidavit in the record on appeal has failed to designate a record for meaningful appellate review. See *Moyer*, 302 Kan. at 922.

Here, Ali has failed to designate a record on appeal showing prejudicial error because he has failed to include the affidavit required in K.S.A. 2016 Supp. 20-311d in the record on appeal. Accordingly, we affirm the district court's denial of Ali's motion to change judge.

Affirmed in part and dismissed in part.

11