IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,123

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY C. HANKINS,
*Appellant.*

SYLLABUS BY THE COURT

1.

A claim that a procedural bar to the appellate review of a sentence violates due process does not fit within the limited definition of an illegal sentence for K.S.A. 22-3504 purposes.

2.

Liberal rules of construction cannot transform the reality of a pleading's content or the arguments being advanced, even when the litigant filing the pleading is pro se.

3.

In Kansas, a criminal defendant cannot stipulate to an illegal sentence.

4.

Under Kansas law, the entry of a judgment of guilt by a foreign court is necessary to meet this State's definition of a conviction for purposes of calculating an offender's criminal history score under the Kansas Sentencing Guidelines Act.

1

Review of the judgment of the Court of Appeals in 49 Kan. App. 2d 971, 319 P.3d 571 (2014). Appeal from Johnson District Court; JAMES FRANKLIN DAVIS, judge. Opinion filed April 22, 2016. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed and remanded with directions.

*Catherine A. Zigtema*, of Law Office of Kate Zigtema LC, of Lenexa, argued the cause, and *Sarah Morrison Rapelye*, of The Law Office of Stacey J. Lett & Associates, LLC, of Leawood, was with her on the briefs for appellant.

*Steven J. Obermeier*, senior deputy district attorney, argued the cause, and *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

JOHNSON, J.:  Anthony C. Hankins seeks review of the Court of Appeals decision to affirm the district court's denial of his motion to correct an illegal sentence. The motion claimed that the sentencing court used an incorrect criminal history score by including an Oklahoma deferred judgment as a prior conviction. The Court of Appeals majority held that the invited error doctrine barred Hankins' challenge to his criminal history score. In dicta, the majority also opined that Hankins would lose on the merits. *State v. Hankins*, 49 Kan. App. 2d 971, 978, 319 P.3d 571 (2014). A concurring judge disagreed with the majority's holding on invited error but reluctantly agreed with the result on the merits because of prior Kansas Supreme Court dicta. We reverse both the Court of Appeals and the district court, remanding the matter for resentencing with the proper criminal history score.

FACTUAL AND PROCEDURAL OVERVIEW

In this case, Hankins pled guilty to multiple felony charges. His presentence investigation report (PSI) listed two prior misdemeanor convictions and one prior

2

nonperson felony conviction. The felony was based on a possession of a firearm on school property charge in Oklahoma. That adult nonperson felony raised Hankins' criminal history score to a "G." Hankins filed a motion for dispositional departure.

At the May 19, 2011, sentencing hearing, in response to the district court's inquiry as to whether the parties "had a chance to look" at the PSI, Hankins' counsel responded, "We have." The court then recited that Hankins' presumptive sentencing ranges were between 68 and 77 months' imprisonment for the primary offense and 11 to 13 months for each of the three nonbase convictions. After that recitation, the district court inquired if "[a]nyone disagree[d] or ha[d] anything to add to those findings." Defense counsel responded, "Judge, we do not disagree, and Defense has nothing to add with regards to those findings." Defense counsel also denied knowing of any reason that sentencing could not proceed.

During the district court's consideration of Hankins' departure motion, defense counsel asked the court to consider that "[t]here was an issue about that conviction in Oklahoma, whether it had actually been dismissed or if it was part of a diversion or some juvenile issues. He didn't want to challenge that either, Judge, and decided, I've been dealing with this, I want to go forward today." The district court denied Hankins' departure motion and imposed a controlling sentence of 68 months' imprisonment.

Hankins filed a notice of appeal in June 2011 but subsequently voluntarily dismissed his appeal. On June 25, 2012, Hankins filed a pro se motion to correct an illegal sentence, and on October 16, 2012, his counsel filed a supplemental motion. Both motions asserted that Hankins' criminal history score should not have included the Oklahoma nonperson felony because Hankins received a deferred judgment for the Oklahoma crime, which did not constitute a conviction for criminal history scoring purposes.

3

The State responded that under Kansas law, the Oklahoma deferred judgment constitutes a conviction and, therefore, it was properly utilized in determining Hankins' criminal history. The district court held a hearing on the motion, at which the State asserted the additional claim that Hankins had waived his criminal history score challenge at sentencing by stipulating to the score reflected in the PSI.

The district court granted the defense request to submit additional written information on the Oklahoma proceeding, and the court subsequently issued a written ruling denying the motion to correct an illegal sentence. The district court first found that the defense attorney's comments during the sentencing hearing waived Hankins' right to challenge his criminal history score. The district court inferred that the defense intentionally chose not to challenge the Oklahoma conviction as a matter of strategy, so that it could argue the forbearance of a challenge as another reason for the court to grant a departure. The court acknowledged that while a party may not stipulate to an incorrect application of the law, Hankins was not challenging how the prior conviction was scored—rather, he was challenging the factual existence of the conviction.

Additionally, the district court ruled that even assuming Hankins could challenge his criminal history score, he had failed to prove his score was incorrectly calculated. Specifically, the district court determined that under Oklahoma's deferred judgment procedure, the defendant must plead guilty or nolo contendere to the charges and the court must accept the plea, thereby establishing that the defendant committed the Oklahoma offense. The court found that fact not only distinguishes the Oklahoma procedure from a Kansas diversion, but it also sufficiently establishes the defendant's guilt to be considered a conviction under the rationale of *State v. Macias*, 30 Kan. App. 2d 79, 83, 39 P.3d 85, *rev. denied* 273 Kan. 1038 (2002).

4

After the district court ruled on the illegal sentence motion, Hankins filed a pro se amended supplemental motion of final response to correct an illegal sentence. The record does not indicate that the district court provided any additional ruling on that motion. Three days after that final pro se motion, Hankins' counsel filed a timely notice of appeal.

A panel of the Court of Appeals affirmed the district court's denial of Hankins' motion, albeit the panel members were not unanimous on the rationale for doing so. *State v. Hankins*, 49 Kan. App. 2d 971, 319 P.3d 571 (2014). The majority applied the invited error doctrine to find that Hankins' criminal history score challenge was barred and further offered its opinion that Hankins' deferred judgment in Oklahoma established his guilt sufficiently to make it a conviction for Kansas sentencing purposes. 49 Kan. App. 2d at 977-78. Judge Atcheson concurred in the result on the merits because he felt constrained to do so by Kansas Supreme Court precedent, but he rejected the majority's application of the invited error doctrine. 49 Kan. App. 2d at 985-86, 992-93 (Atcheson, J., concurring).

This court granted Hankins' petition for review. We begin with the panel majority's principal holding that the invited error doctrine precludes appellate review. After rejecting that invited error holding, we consider the merits and determine that a successfully completed Oklahoma deferred judgment is not to be counted as a conviction when calculating a Kansas criminal history score.

INVITED ERROR PRECLUDING REVIEW OF AN ILLEGAL SENTENCE

On appeal, Hankins proffers multiple reasons why the Court of Appeals majority erred by using the invited error rule to bar his illegal sentence claim. One argument adopts Judge Atcheson's position that the 2009 amendment to K.S.A. 21-4715(c) "effectively negates the invited error doctrine with respect to a defendant's criminal

5

history and, thus, allows a defendant to challenge a legal mistake in his or her criminal history even after admitting to the mistaken history at sentencing." 49 Kan. App. 2d at 993 (Atcheson, J., concurring). Another argument asserts that the invited error doctrine is subject to exceptions, such as where the defendant does not personally agree with his or her criminal history score or when the stipulation involves an incorrect application of the law, and those exceptions apply in this case. A final argument attempts to make a due process claim, presumably based upon Judge Atcheson's observation that "Hankins probably has a constitutional argument of sufficient gravity to override any purported bar based on invited error." 49 Kan. App. 2d at 997 (Atcheson, J., concurring). We begin with the due process argument.

*Standard of Review*

Whether the doctrine of invited error applies presents a question of law, and appellate courts generally exercise unlimited review over questions of law. *State v. Ruiz*, 51 Kan. App. 2d 212, 223, 343 P.3d 544 (2015).

*Analysis*

Hankins' constitutional argument is unavailing. He has litigated this matter as a motion to correct an illegal sentence under K.S.A. 22-3504; he previously voluntarily dismissed his direct appeal. This court has "'repeatedly held that K.S.A. 22-3504(1) has very limited applicability.'" *Makthepharak v. State*, 298 Kan. 573, 581, 314 P.3d 876 (2013) (quoting *State v. Edwards*, 281 Kan. 1334, 1336, 135 P.3d 1251 [2006]). The three types of illegal sentences that can be corrected any time through a K.S.A. 22-3504 motion are "[1] a sentence imposed by a court without jurisdiction, [2] a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized, or [3] a sentence which is ambiguous with regard to the time and manner in which it is to be served." *State v. LaBelle*, 290 Kan. 529, Syl. ¶ 1, 231 P.3d

6

1065 (2010). A claim that a procedural bar to the appellate review of a sentence violates due process does not fit within the limited definition of an illegal sentence for K.S.A. 22-3504 purposes. Accordingly, Hankins' claim of a due process violation cannot be remedied in this proceeding.

In his concurrence below, Judge Atcheson recognized that a due process challenge is not properly presented in a motion to correct an illegal sentence, but he suggested that a pro se motion to correct an illegal sentence might be liberally construed as asserting a claim under K.S.A. 60-1501 or 60-1507. *Hankins*, 49 Kan. App. 2d at 998-99. But Hankins' motion specifically cites to and applies the rules governing a motion to correct an illegal sentence. It was filed under the criminal case number and was prosecuted to conclusion in the criminal action. Accordingly, treating the motion as a separate Chapter 60 motion would require us to rewrite the motion and its procedural history, rather than simply applying a liberal construction to its content. *Cf. State v. Gilbert*, 299 Kan. 797, 798, 326 P.3d 1060 (2014) ("Liberal rules of construction cannot transform the reality of a pleading's content or the arguments being advanced, even when a litigant is pro se."). In short, Hankins' constitutional argument is not properly before this court in this action.

Hankins' statutory argument on review emanates from Judge Atcheson's concurrence. But Hankins did not raise that issue in the Court of Appeals. Moreover, we need not resolve the panel's conflicting interpretations of the 2009 amendment to K.S.A. 21-4715(c) to determine we can review Hankins' claim of an illegal sentence.

Our recent precedent favors Hankins' position. In *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015), we declared that "a stipulation or lack of an objection regarding how those convictions [listed in the criminal history] should be classified or counted as a matter of law for the purpose of determining the defendant's criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1) of his or her prior

convictions." That decision relied in part on *State v. Weber*, 297 Kan. 805, 304 P.3d 1262 (2013). *Weber* rejected the State's argument that a defense stipulation was a procedural bar to an illegal sentence challenge, stating that "'Kansas law is clear that a defendant can't agree to an illegal sentence. *State v. Jones*, 293 Kan. 757, 757-58, 268 P.3d 491 (2012); *State v. Duncan*, 291 Kan. 467, 470-71, 243 P.3d 338 (2010).' *State v. Burton*, No. 105,656, 2012 WL 2148179, at *1 (Kan. App. 2012) (unpublished opinion)." 297 Kan. at 815.

The Court of Appeals majority attempted to skirt that precedent by characterizing Hankins' stipulation as being a factual one, because he was "challenging the very inclusion of this item [in the PSI], not its classification." *Hankins*, 49 Kan. App. 2d at 976. The majority's reasoning was based in part on its declaration that a "PSI does not list cases. It lists only convictions." 49 Kan. App. 2d at 976. But of course not all convictions are part of the criminal history calculation either.

Nevertheless, the stipulation of Hankins' attorney upon which the panel majority apparently relied was directed at a legal finding, not a factual one. After ascertaining that the parties had been provided an opportunity to look at the PSI, the district court recited the number of months' imprisonment within the presumptive gridbox for the base crime and the same information for the remaining nonbase crimes, before inquiring whether anyone disagreed with, or had anything to add to, the court's findings. The court did not ask if anyone disagreed with the existence of the convictions used to calculate the presumptive sentence; it asked if there was any disagreement with the computed presumptive sentence.

The computation of the presumptive term of imprisonment applicable to Hankins was a legal determination, *i.e.*, Hankins' attorney stipulated to the district court's legal findings. We do not permit parties to stipulate "'as to the legal conclusions from admitted

facts.'" *Urban Renewal Agency v. Reed*, 211 Kan. 705, 712, 508 P.2d 1227 (1973) (quoting 50 Am. Jur., Stipulations § 5). The district court's finding that the defense was stipulating to the criminal history score as part of a departure strategy does not affect the result. An illegal sentence is to be corrected, even where it is to the offender's disadvantage. See *State v. McCarley*, 287 Kan. 167, 175, 195 P.3d 230 (2008) ("The fact that the new, and proper, sentence is more severe than the original, improper one is of no consequence."). In short, Hankins' illegal sentence challenge is subject to our review.

## WHETHER AN OKLAHOMA DEFERRED JUDGMENT IS A CONVICTION FOR CRIMINAL HISTORY SCORING IN KANSAS

*Standard of Review*

Whether a sentence is illegal is a question of law subject to unlimited review. *State v. Kelly*, 298 Kan 965, 975, 318 P.3d 987 (2014).

*Analysis*

Under the Kansas Sentencing Guidelines Act (KSGA), "the sentencing guidelines for criminal defendants are generally based upon two factors: the crime severity ranking of the current crime of conviction and the criminal history classification of the defendant." *State v. Neal*, 292 Kan. 625, 630-31, 258 P.3d 365 (2011) (citing K.S.A. 21-4703[l]; K.S.A. 21-4704[c]). All prior adult felony convictions are used to obtain an offender's criminal history classification, K.S.A. 2010 Supp. 21-4710(d)(2), including an offender's out-of-state convictions and juvenile adjudications, K.S.A. 21-4711(e). The question presented here is whether Hankins' Oklahoma deferred judgment is to be classified as an out-of-state felony conviction for criminal history classification purposes under the KSGA.

9

The underlying facts of the Oklahoma proceeding are not in dispute. On January 30, 1999, Hankins committed the crime of possession of a firearm on school property to which he pled guilty and received a deferred judgment with conditions pursuant to Okla. Stat. tit. 22, § 991c (1998 Supp.). Hankins successfully completed the procedure, resulting in his discharge without a court judgment of guilt and with a court order to expunge his guilty plea and to dismiss his case with prejudice. See Okla. Stat. tit. 22, § 991c(C) (1998 Supp.).

Although at times the parties refer to Okla. Stat. tit. 22, § 991c (1998 Supp.) as a deferred sentencing statute, the statute does more than defer sentencing; it defers the entry of judgment. The statute requires a guilty verdict or the offender's plea of guilty or nolo contendere, but the court does not enter a judgment of guilt. Okla. Stat. tit. 22, § 991c(A) (1998 Supp.). Instead, the court imposes conditions on the deferred judgment, akin to the conditions of a diversion agreement in this state. If the court finds that the offender has met all of the conditions of the deferred judgment, including the payment of all monetary assessments, "the defendant shall be discharged without a court judgment of guilt, and the court shall order the verdict or plea of guilty or plea of nolo contendere to be expunged from the record and the charge shall be dismissed with prejudice to any further action." Okla. Stat. tit. 22, § 991c(C) (1998 Supp.). The provisions of subsection (C) applicable to the successful completion of the deferred judgment "shall be retroactive." Okla. Stat. tit. 22 § 991c(D) (1998 Supp.).

Generally, Oklahoma courts do not consider a deferred judgment to be a conviction if the court does not pronounce judgment and sentence, *i.e.*, unless the offender violates the court-imposed conditions. See *Belle v. State*, 1973 OK CR 438, 516 P.2d 551, 552 (Okla. Crim. 1973); see also *Starkey v. Oklahoma Dep't of Corr.*, 2013 OK 43, ¶ 9, 305 P.3d 1004, 1011 n.11 (Okla. 2013) ("[I]f a defendant completes the conditions of the deferred judgment and the court so finds, there will be no conviction.");

10

*United States v. Hutchinson*, 438 Fed. Appx. 681, 684, 2011 WL 3873811 (10th Cir. 2011) ("Oklahoma law is . . . clear that a deferred sentence under § 991c does not operate as a conviction."). But the panel majority pointed to the definition of conviction utilized by the Oklahoma Court of Criminal Appeals in *Gonseth v. State*, 1994 OK CR 9, 871 P.2d 51 (Okla. Crim. 1994), where that court struggled to harmonize the right to appeal and the deferred judgment statutes in conformity with the Oklahoma constitution, by considering the guilty plea as sufficient to qualify as an appealable conviction. The Court of Appeals *Hankins* concurrence discussed *Gonseth* while discounting the majority's declaration that Oklahoma courts had treated that state's deferred judgment proceedings as convictions, stating in a footnote:

> "There are several problems with that approach. First, of course, Kansas law governs what is and is not a conviction for purposes of establishing a defendant's criminal history. Second, in *Gonseth v. State*, 871 P.2d 51, 54 (Okla. Crim. App. 1994), which the majority cites, the court suggested that a defendant pleading guilty under a deferred sentencing and being ordered to fulfill certain conditions could then appeal. The court reasoned the process, at that point, could be treated as a 'conviction' upon a guilty plea within the meaning of the statute authorizing criminal appeals. But the holding is plainly limited to the statute governing appeals. And technically, the court recognized the appeal to be from a denial of the defendant's motion to withdraw the plea rather than from a conviction. 871 P.2d at 54. More importantly, however, the Oklahoma appellate courts have recognized that a defendant successfully completing the deferred sentencing process cannot be treated as having been convicted of the underlying offense. *Platt v. State*, 2008 OK CR 20, ¶ 13, 188 P.3d 196 (Construing the comparable deferred sentencing process for drug offenders, the court finds that after the charges have been dismissed, the defendants' guilty pleas 'would *not* constitute prior "convictions"' impairing the right to possess firearms under Oklahoma law.). (Emphasis added.) The circumstances considered in *Platt* match Hankins' situation; those in *Gonseth* do not." *State v. Hankins*, 49 Kan. App. 2d 971, 990, 319 P.3d 571 (2014) (Atcheson, J., concurring).

11

Turning to Kansas law, the *Hankins* panel majority attempts to establish that Kansas law follows the "not widely used" definition of conviction applied by Oklahoma in *Gonseth*. 49 Kan. App. 2d at 981. It points to *State v. Holmes*, 222 Kan. 212, 563 P.2d 480 (1977), where the court found that a conviction occurs before sentencing. But *Holmes* did not say that a defendant's plea was sufficient to establish the conviction. The opinion cited to the definition in K.S.A. 21-3110(4), to-wit: "'"Conviction" includes a *judgment of guilt* entered upon a plea of guilty.'" (Emphasis added.) 222 Kan. at 213. It then held that a defendant stands convicted "once the statutory procedure has been complied with and the plea of guilty or *nolo contendere* has been accepted and *a finding of guilty entered thereon*." (Emphasis added.) 222 Kan. at 214. In other words, the court has to adjudge the defendant guilty before the statutory definition of "conviction" has been met.

The statutory definition of "conviction" remains unchanged in our current criminal code. K.S.A. 2014 Supp. 21-5111 recites that "[t]he following definitions shall apply when the words and phrases defined are used in this code, except when a particular context clearly requires a different meaning." Then, subsection (d) provides: "'Conviction' includes a judgment of guilt entered upon a plea of guilty."

The requirement for a judgment of guilt to trigger a "conviction" in Kansas is a critical point in our analysis because the Oklahoma deferred judgment statute specifically directs that an entry of judgment will not be entered for an offender who successfully completes a deferred judgment. The initial conditions are to be imposed "without entering a judgment of guilt." Okla. Stat. tit. 22, § 991c(A) (1998 Supp.). Then, upon successfully completing the deferred judgment, "the defendant shall be discharged without a court judgment of guilt." Okla. Stat. tit. 22, § 991c(C) (1998 Supp.). The State's argument that the journal entry in Hankins' case indicates that the district court adjudged Hankins guilty

is simply unavailing. Such an action would have been statutorily prohibited, and we will not ascribe such unlawful conduct to the Oklahoma tribunal.

Finally, we must address the precedent which constrained Judge Atcheson from a plain language application of our statutory definition of "conviction." In *State v. Macias*, 30 Kan. App. 2d 79, 83, 39 P.3d 85, *rev. denied* 273 Kan. 1038 (2002), a panel of the Court of Appeals held that the defendant's prior Texas cases which followed a "deferred adjudication" procedure would be counted in his criminal history. The defense had argued that the Texas deferred adjudication was akin to Kansas' diversion proceedings, so that the Texas crimes should be treated the same as Kansas diversions, *i.e.*, not counted as prior convictions in calculating criminal history.

*Macias* focused on the critical distinction that Kansas' diversion is instituted before a plea is entered, whereas the Texas procedure could only be employed "*after* the defendant enters a guilty or nolo contendere plea, or proceeds to a trial where guilt is demonstrated." 30 Kan. App. 2d at 81-82. The panel opined that establishing a defendant's factual guilt in the foreign state was sufficient to include the prior crime in the Kansas criminal history calculation because that would further the criminal history purpose of addressing "a defendant's refusal to renounce criminal behavior." 30 Kan. App. 2d at 83. The defense apparently did not argue that the Kansas definition of "conviction" requires a "judgment of guilt," not simply a factual basis for a guilty plea.

Shortly after *Macias*, this court had an opportunity to consider Missouri's suspended imposition of sentence procedure in a different context. In *State v. Pollard*, 273 Kan. 706, 44 P.3d 1261 (2002), the question was whether the defendant had a prior conviction that would make it unlawful for him to possess a firearm. Pollard claimed his underlying Missouri offense could not serve as the predicate felony under the unlawful

13

possession of a firearm statute in this state, K.S.A. 21-4204(a)(3), because the Missouri suspended imposition of sentence did not count as a conviction under Missouri law.

*Pollard* rejected defendant's argument, holding that Kansas law applies in determining whether a defendant had the equivalent of a prior conviction at the time he possessed the firearm. 273 Kan. at 712-13. Although the opinion considered "[t]hree lines of reasoning" to answer that question in the affirmative, its first reason—addressing the Kansas statutory definition of "conviction"—is most germane here. The court recited the definition from K.S.A. 21-3110(4) and related *Holmes*' holding that the adjudication of guilt, not the imposition of sentence, constitutes a "conviction." 273 Kan. at 712. *Pollard* then declared that "the journal entry clearly indicates that the Missouri court found [Pollard] guilty and *entered a judgment of guilt against him*." (Emphasis added.) 273 Kan. at 712. The quoted language from the Missouri document stated that the Missouri court had "'adjudged that [Pollard] having been found guilty upon a plea of guilty entered on 7/14/99, . . . is guilty of said offense(s).'" 273 Kan. at 713. There is nothing in the opinion to suggest that the statutes governing the Missouri suspended imposition of sentence procedure precludes the court from entering a judgment of guilt at the commencement of the proceedings.

*Pollard*'s first line of reasoning actually supports the notion that a judgment of guilt must have been entered in a foreign jurisdiction for that crime to be considered a conviction under Kansas law. What clouds the issue is *Pollard*'s third line of reasoning, in which it discusses, *inter alia*, the *Macias* rationale for scoring the Texas deferred adjudication in defendant's Kansas criminal history. As the *Hankins* Court of Appeals' concurrence indicated, *Pollard*'s discussion of *Macias* was dicta, which binds nobody. 49 Kan. App. 2d at 991 (Atcheson, J., concurring); see *Law v. Law Company Building Assocs.*, 295 Kan. 551, 564, 289 P.3d 1066 (2012) (nobody bound by dictum). Moreover, the analog is superfluous at best, given that if the Texas deferred adjudication had

14

included a judgment of guilt, like the Missouri suspended imposition of sentence, it would have met the definition of "conviction" relied upon by *Pollard*'s first line of reasoning.

Likewise, *Pollard* specifically restricted its holding to the circumstance where the Kansas crime was committed during the 2-year probationary period for the Missouri felony, declaring: "Our decision is limited to those facts and does not decide if the result would be the same if the Kansas offense had occurred after the expiration of the 2-year period." 273 Kan. at 714. Here, of course, Hankins' probationary period had expired and we are presented with the case that *Pollard* did not decide.

Finally, we briefly address a new argument by the State, claiming that Hankins' sentence cannot be considered illegal because his sentencing grid block without counting the Oklahoma felony would have a presumptive range of 61, 66, or 71 months. The argument is that, because Hankins' 68 months mitigated sentence in the incorrect box does not exceed the 71 months aggravated sentence in the correct grid box, his sentence is within the presumptive range and, therefore, is legal.

But the KSGA defines "presumptive sentence" as "the sentence provided in a grid block for an offender *classified in that grid block* by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history." (Emphasis added.) K.S.A. 21-4703(q). The judge did not select the 68-month sentence from within the grid block for which Hankins was classified, negating its status as a presumptive sentence, *i.e.*, a sentence that conforms to the statutory provision. Moreover, a sentencing judge is to select the middle number in the grid block in the usual case and "reserve the upper and lower limits for aggravating and mitigating factors insufficient to warrant a departure." K.S.A. 2010 Supp. 21-4704(e)(1). Consequently, the fact that the mitigated sentence imposed from the incorrect grid block is less than the potential

15

aggravated sentence from the correct grid block does not legalize an otherwise illegal sentence.

In conclusion, we hold that under Kansas law, the entry of a judgment of guilt by the foreign court is necessary to meet this State's definition of a conviction. Under the Oklahoma deferred judgment procedure, a judgment of guilt was never lawfully entered upon Hankins' plea of guilty, and, therefore, he did not have a conviction for purposes of calculating a criminal history score in this State. Hankins' sentence is vacated, and the matter is remanded for resentencing with the proper criminal history classification.

Reversed and remanded.

\* \* \*

STEGALL, J., dissenting: I would affirm the lower court's application of the invited error doctrine in this case. "The general rule regarding review of an illegal sentence is that '[a] defendant who invites error by stipulating to his or her criminal history cannot request a correction of sentence under K.S.A. 22-3504 after pronouncement of sentence.'" *State v. Vandervort*, 276 Kan. 164, 175-76, 72 P.3d 925 (2003) (quoting *State v. McBride*, 23 Kan. App. 2d 302, Syl. ¶ 3, 930 P.2d 618 [1996]). The *Vandervort* rule arose in part out of the statutory mandate that a defendant notify the court if he or she objects to the inclusion of any conviction on the defendant's presentence investigation report (PSI). See K.S.A. 2010 Supp. 21-4715(c) ("Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet.") (recodified at K.S.A. 2015 Supp. 21-6814[c]).

16

We have recently clarified and modified the *Vandervort* rule. See *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). There, drawing on two earlier cases (*State v. Neal*, 292 Kan. 625, 258 P.3d 365 [2011], and *State v. Weber*, 297 Kan. 805, 304 P.3d 1262 [2013]), which had given rise to some confusion, we explained that while a defendant can make factual stipulations to the existence of convictions as listed on the PSI—and such stipulations will give rise to the application of invited error if the defendant subsequently makes a collateral attack on the sentence as illegal on the grounds that the PSI was wrong—a defendant cannot make stipulations as to the *legal effect* of such convictions vis-à-vis the proper criminal history *score* the defendant should have received. We stated this holding as follows:

> "It appears that the legal reasoning of *Neal* and *Weber* is more sensible than the line of cases holding that a defendant waives a subsequent challenge to the *classification* of prior convictions or to his or her criminal history score if he or she stipulated or failed to object to the *classification or score* at sentencing. As *Weber* indicates, a defendant's stipulation or failure to object at sentencing will prevent the defendant from later challenging the *existence of convictions* listed in his or her criminal history. But a stipulation or lack of an objection regarding how those convictions should be classified or counted as a matter of law for the purpose of determining the defendant's criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1) of his or her prior convictions." (Emphasis added.) *Dickey*, 301 Kan. at 1032.

Thus, applying the newly modified *Vandervort/Dickey* rule, the proper question in Hankins' case is whether he stipulated to the existence of the conviction he now challenges when it was listed on his PSI? Clearly, he did. That stipulation was factual, as the Court of Appeals properly held. Just as importantly, the district court found that Hankins' factual stipulation was strategically and intentionally made.

> "[Hankins] did stipulate to the factual existence of his prior conviction. He attempts to avoid that difficulty by arguing on appeal that he 'does not challenge the existence of the

17

Oklahoma case listed on his presentence investigation report but challenges the classification of the Oklahoma case as a conviction for the purpose of criminal history score.' However, the PSI does not list cases. It lists only convictions. Hankins is challenging the very inclusion of this item, not its classification.

. . . .

"There is no need for any additional analysis of the [invited error] doctrine here. The facts in this case drive the decision on invited error. The district court found that Hankins chose to forgo a challenge to the Oklahoma item on his criminal history as part of his dispositional departure strategy." *State v. Hankins*, 49 Kan. App. 2d 971, 975-77, 319 P.3d 571 (2014), *rev. granted* 301 Kan. ___ (February 19, 2015).

The record in this case bears out the Court of Appeals' recitation of the facts, and the majority opinion does not question its accuracy. Instead, the majority chooses to expand the *Dickey* exception to the *Vandervort* rule to include challenges to the existence of convictions listed on a PSI in addition to challenges to the legal effect of those convictions on the resulting criminal history score. In my view, this result swallows up the statutory scheme requiring a defendant to put the State and the court on notice if a defendant objects to the "existence of convictions listed in his or her criminal history." *Dickey*, 301 Kan. at 1032.

After today, a defendant will be in the position to take advantage of a stipulation to prior convictions during the sentencing phase and then, in a subsequent case, collaterally attack his or her sentence as illegal because the conviction factually admitted to is alleged to not constitute a "true conviction" as a matter of law. This opens up an entire world of legal arguments about possible legal infirmities in prior convictions which can now be raised for the first time in a collateral attack long after the defendant's direct appeal rights have expired. This is directly contrary to the statutory scheme which is intended to flush such arguments into the open before sentencing in the district court. The aim of the

18

statutory scheme is to get sentences right the first time. Our decision undermines that aim.

In sum, I would not extend the *Dickey* exception to encompass failures to object to the existence of a conviction as noted on a defendant's PSI. The alternative theories for relief advanced in Judge Atcheson's concurring opinion were not argued by Hankins before the Court of Appeals and were asserted for the first time in Hankins' petition for review. As such, I would not consider them. See *State v. Ward*, 292 Kan. 541, Syl. ¶ 10, 256 P.3d 801 (2011) ("In a case that is before the Kansas Supreme Court on a granted petition for review, an issue cannot be raised for the first time before the Supreme Court. Any issue that was not presented to the Kansas Court of Appeals is deemed abandoned."), *cert. denied* 132 S. Ct. 1594 (2012).

For these reasons, I dissent.

LUCKERT, J., joins in the foregoing dissent.