NOT DESIGNATED FOR PUBLICATION

No. 115,644

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GLENN RUSCH, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed March 2, 2018. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Rachel L. Pickering*, assistant district attorney, *Michael F. Kagay*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and TIMOTHY L. DUPREE, District Judge, assigned.

PER CURIAM: Following a jury trial, Glenn Rusch, Jr. was found guilty of aggravated arson resulting in a substantial risk of bodily harm, which made the offense a severity level 3 person felony. The district court granted a downward durational departure and imposed a prison sentence of 71 months. Rusch appeals his conviction. He argues the State failed to prove the element that elevates aggravated arson to a severity level 3 person felony and that his due process rights were violated because the jury instruction that was given on the charge was broader than the complaint. Rusch also argues the district court erred in admitting the statements he made to police and finding that he

1

knowingly waived his *Miranda* rights. See *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On October 8, 2013, the Topeka police and fire departments were dispatched to the home of Glenn Rusch, Jr. and his two roommates, Derrick Ortiz and Everett Barton, after a call came in reporting a fire at the residence.

The evidence revealed that Rusch poured whiskey on the floor of his bedroom and ignited it. Rusch then left the house but failed to warn his roommate, Ortiz, who was asleep on the couch in the family room. Ortiz awakened and found the kitchen full of smoke. Ortiz found the fire burning in Rusch's bedroom, but Rusch was not there.

Prior to the fire department's arrival, Ortiz and Barton were able to extinguish the fire, but the fire investigator testified that the fire would have spread quickly had it not been extinguished. Rusch confessed to the police that he started the fire and was arrested and charged with one count of aggravated arson, a level 3 nonperson felony. The complaint/information read:

"COUNT 1

"AGGRAVATED ARSON
K.S.A. 21-5812(b)(1)
Level 3, Nonperson Felony

"On or about the 8th day of October, 2013 . . . [Rusch] did, then and there, feloniously, knowingly and intentionally, damage a building or property in which there is a human being, to-wit:  Derick J Ortiz, by means of fire or explosive, in which another person has an interest without the consent of such other person, to-wit:  Phyllis B Baudels and/or

2

Glenn Rusch Sr., contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State of Kansas."

Subsequently, the complaint/information was amended to reflect that Rusch was charged with aggravated arson as a level 3 *person* felony.

In November 2013, the district court entered an order of commitment to determine Rusch's competency to stand trial. He was found incompetent to stand trial in January 2014, but by June 2014 he was found competent to stand trial.

On the day of trial, the district court heard two motions: (1) the State's motion to determine the voluntariness and admissibility of statements Rusch gave to police and (2) the defendant's motion to suppress Rusch's statements to law enforcement. The district court denied Rusch's motion to suppress his statements and found that Rusch's statements to law enforcement were freely and voluntarily made.

The jury found Rusch guilty as charged. He appeals.

ANALYSIS

*Sufficiency of the evidence*

Rusch contends that the evidence presented at his trial was insufficient to prove beyond a reasonable doubt that the fire resulted in a substantial risk of bodily harm. "'When the sufficiency of evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). "'In making a sufficiency determination, the appellate court does not reweigh evidence, resolve evidentiary

3

conflicts, or make determinations regarding witness credibility. [Citations omitted.]'"
*State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016).

To be found guilty of aggravated arson at the severity level of 3, in addition to the elements of aggravated arson, the State was required to prove beyond a reasonable doubt that the fire resulted in a substantial risk of bodily harm. K.S.A. 2016 Supp. 21-5812(b)(1), (c)(2)(A)(i). Rusch contends that the mere presence of his roommate in the house is what triggered the charge of aggravated arson, and his presence does not mean that the fire resulted in a substantial risk of bodily harm. Rusch claims the facts of his case are analogous to *State v. Grant*, No. 99,375, 2009 WL 1591396 (Kan. App. 2009) (unpublished opinion), because the fire was "easily extinguished by residents, the damage was minimal, and there was no evidence the risk of injury to an occupant was greater than that posed by a fire within a house."

The State observes that Rusch does not challenge he set the fire, only the severity level of the crime. The State argues the evidence presented to the jury at trial was sufficient to support the finding that Rusch "created a fire that resulted in a substantial risk of bodily harm." The State contends that the facts of this case are analogous to *State v. Belt*, 305 Kan. 381, 406-07, 381 P.3d 473 (2016), which distinguished *Grant* by observing that Belt, unlike Grant, made no effort to inform or warn those in danger of the fire. The State contends that other facts in *Belt* more closely align with Rusch's conduct and the facts of this case, such as the use of an accelerant, which increases the risk of the fire catching and spreading, and leaving the fire unattended. Finally, the State observes that although no one was injured in the fire set by Rusch, the "[l]ack of success in causing bodily injury to others does not mean a substantial risk of such injury was not incurred." 305 Kan. at 407.

Rusch's argument, at its core, amounts to a request for an alternative interpretation of the evidence. However, the jury heard the evidence and was instructed as to both the

4

criminal elements of aggravated arson, which results in substantial risk of bodily harm, and to its responsibility to weigh evidence and credibility. Juries are presumed to have followed the instructions given by the district court. *State v. Kettler*, 299 Kan. 448, 478, 325 P.3d 1075 (2014); *State v. Fulton*, 269 Kan. 835, 842, 9 P.3d 18 (2000). Rusch does not make any arguments to rebut this presumption, and it is not this court's role to second-guess the jury or reweigh the evidence. *Dunn*, 304 Kan. at 822.

Based on the evidence admitted at trial, when taken in the light most favorable to the State, it was reasonable for the jury to find that the fire set by Rusch placed his roommate in substantial risk of bodily harm, warranting the severity level classification of 3. The conviction at severity level 3 is affirmed.

*Jury Instruction*

Rusch contends the State charged the elements of severity level 6 aggravated arson, but the district court instructed the jury on level 3 aggravated arson. Rusch argues that doing so added the enhancing element of the offense that the fire resulted in a substantial risk of bodily harm. Rusch concedes that defense counsel did not object to this jury instruction at trial, and on appeal he must demonstrate the district court's instruction was clear error. The State contends that, because Rusch requested the district court to deliver the jury instruction he now complains about on appeal, the invited error doctrine should apply to bar consideration of this issue.

Whether the doctrine of invited error applies presents a question of law, and appellate courts generally exercise unlimited review over questions of law. *State v. Hankins*, 304 Kan. 226, 230, 372 P.3d 1124 (2016).

The invited error doctrine applies only when the party fails to object *and* invites the error, unless the error is structural. See *State v. Logsdon*, 304 Kan. 3, 31, 371 P.3d

5

836 (2016); *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014); see also *State v. Clay*, 300 Kan. 401, 409-10, 329 P.3d 484 (2014) (no invited error due to uncertainty in record on who proposed instruction and whether defense counsel's preferred instruction was the one challenged on appeal); *State v. Lewis*, 299 Kan. 828, 855-57, 326 P.3d 387 (2014) (subtle distinctions in counsel's suggested instruction and instruction given by the court does not establish invited error).

In this case, the record establishes that defense counsel did not merely fail to object to the level 3 instruction, but also invited the error by proposing the level 3 instruction. The record demonstrates that Rusch's defense counsel proposed jury instructions that included aggravated arson at the severity level of 3, which included the element, "(3) The fire resulted in a substantial risk of bodily harm." Rusch's defense counsel also proposed jury instructions to include the lesser offense of severity level 6 aggravated arson, which included the element, "(3) The fire did not result in a substantial risk of bodily harm." While the State proposed only the level 3 aggravated arson instruction, the instructions the district court actually gave to the jury included both the severity level 3 and 6 instructions, as proposed by defense counsel.

A litigant may not invite error and then complain of the error on appeal. *Verser*, 299 Kan. at 784. We hold that Rusch invited the error, so the issue is precluded from consideration.

*Motion to Suppress*

Rusch contends that the district court erred in denying his motion to suppress the statements made to law enforcement on the night of the fire. Whether an evidentiary ruling violated the defendant's constitutional rights is reviewed de novo on appeal. See *State v. Johnson*, 304 Kan. 924, 939, 376 P.3d 70 (2016); *State v. Robinson*, 293 Kan.

6

1002, 1023, 270 P.3d 1183 (2012). The standard of review of a district court's decision on a motion to suppress applies a bifurcated standard. The appellate court reviews the district court's factual findings to determine whether they are supported by substantial competent evidence. The ultimate legal conclusion is reviewed using a de novo standard. In reviewing the factual findings, the appellate court does not reweigh the evidence or assess the credibility of witnesses. *State v. Gibson*, 299 Kan. 207, 215-16, 322 P.3d 389 (2014).

When the material facts to a trial court's decision on a motion to suppress evidence are not in dispute, the question of whether to suppress is a question of law over which an appellate court has unlimited review. *State v. Cleverly*, 305 Kan. 598, 604, 385 P.3d 512 (2016). The State has the burden to prove, by a preponderance of the evidence, that a defendant's statement was voluntarily made. *State v. Bridges*, 297 Kan. 989, 1004, 306 P.3d 244 (2013). Rusch contends that the State failed to meet this burden and demonstrate that he made his post-*Miranda* statements knowingly and intelligently. Upon review of the record, Rusch's argument is not persuasive.

At the hearing on Rusch's motion to suppress, Officer Scott McEntire testified that after he arrived at the scene of the fire, he went to talk to the fire investigator. The fire investigator requested that Rusch be detained. The investigator then asked McEntire to interview Rusch. Officer Mark Munoz placed handcuffs on Rusch and told him he was being detained but was not under arrest. McEntire told Rusch that he needed to read Rusch his *Miranda* warning, which the officer then read from a card. Rusch indicated he understood his rights and was willing to answer questions.

McEntire began his interview of Rusch by telling him what the authorities already knew about the house fire. McEntire then asked Rusch how he started the fire. Initially, Rusch denied any knowledge of the fire, but after McEntire repeated the question, Rusch confessed to starting the fire.

McEntire told Rusch he believed an accelerant was used. Rusch told McEntire that he did not know what an accelerant was, and McEntire explained that an accelerant was a liquid or other material used to fuel or ignite a fire. At that point, Rusch repeated he was at work and did not start the fire. McEntire continued to ask Rusch questions, but Rusch gave no further responses. McEntire concluded the interview, which lasted approximately five minutes.

Trial testimony described Rusch's demeanor at the scene as calm, lucid, and collected. Testimony was also given that Rusch did not appear to be under the influence of drugs or alcohol and that he answered questions appropriately and contextually. Further, McEntire found Rusch's comments and statements consistent with the nature of the interview questions.

The State argued it established by a preponderance of evidence that Rusch gave his post-*Miranda* statements voluntarily, absent any evidence of coercion. Rusch argued that his mental health evaluations demonstrated that he had a low intellect, behavioral condition, substance abuse, and schizophrenia, which rendered him incapable of making a voluntary waiver of his rights.

In denying Rusch's motion and finding his statements freely and voluntarily made, the district court considered the following: caselaw, Rusch's mental condition and intellect, the duration and manner of the interrogation, Rusch's age and background, the officers' fairness during the interrogation, and Rusch's fluency with the English language. The district court also noted that Rusch exercised his right to silence when he stopped talking to Officer McEntire.

On appeal, the State concedes that a defendant's mental condition and low intellect are factors relevant to whether a waiver of rights is voluntary. *Colorado v. Connelly*, 479

8

U.S. 157, 163-65, 107 S. Ct. 515, 93 L. Ed. 2d. 473 (1986); *State v. Walker*, 283 Kan. 587, 596-97, 153 P.3d 1257 (2007). However, the State argues that "there must be a link between coercive activity of the State and the confession." *State v. William*, 248 Kan. 389, 408, 807 P.2d 1292 (1991); see *State v. Woods*, 301 Kan. 852, 868, 348 P.3d 583 (2015). We agree.

The record shows that Rusch is of a low intellect and has diagnosed mental and psychiatric conditions, but there is no evidence of coercion by law enforcement during Rusch's interrogation. The district court did not err by denying Rusch's motion to suppress his statements because there was substantial competent evidence to find that Rusch's waiver was knowing, voluntary, and intelligent.

Affirmed.