NOT DESIGNATED FOR PUBLICATION

No. 118,080

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RUMALDO B. RAMOS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC A. COMMER, judge. Opinion filed September 7, 2018. Sentence vacated and remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., PIERRON and BUSER, JJ.

PER CURIAM: In May 2017, Rumaldo B. Ramos pleaded guilty to one count of driving under the influence (DUI) under K.S.A. 2017 Supp. 8-1567 and one count of leaving the scene of an accident. His presentence investigation report showed this was his third DUI. One of his earlier DUIs was under Wichita Municipal Ordinance (W.M.O.) 11.38.150 in April 2016.

Because Ramos' presentence investigation (PSI) report indicated his current DUI was his third, the offense was a felony rather than a misdemeanor and subject to greater penalties. K.S.A. 2017 Supp. 8-1567(b)(1)(D). As a result, the district court sentenced Ramos to a controlling term of 12 months in jail and 12 months' postimprisonment

1

supervision. Ramos appeals, arguing the district court erred in using his Wichita municipal DUI conviction to enhance the sentence for his current DUI conviction under K.S.A. 2017 Supp. 8-1567.

Ramos acknowledges that he did not object to the classification of his most recent DUI before the district court. In fact, the plea agreement showed the parties believed it would be his third. That said, the misclassification of a prior conviction results in an illegal sentence, and a court may correct an illegal sentence at any time. K.S.A. 22-3504(l); *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). Ramos' apparent stipulation that this was his third conviction also does not preclude review, because a defendant cannot stipulate to an illegal sentence. *State v. Hankins*, 304 Kan. 226, Syl. ¶ 3, 372 P.3d 1124 (2016).

The State argues we cannot reach this issue for the first time on appeal, because our analysis may require a limited factual inquiry. Contrary to the State's argument, Kansas courts have addressed similar issues for the first time on appeal. See *Dickey*, 301 Kan. at 1032-40. We can resolve this issue by looking to the language of the relevant statutes, so we need not conduct a factual inquiry.

On appeal, Ramos contends the district court erred in using his Wichita municipal DUI conviction to increase his sentence under K.S.A. 2017 Supp. 8-1567 because the municipal conviction is elementally broader than state law. State law provides that a DUI conviction under a municipal ordinance may count as a prior DUI conviction for sentencing purposes if that ordinance "prohibits the acts that [K.S.A. 8-1567] prohibits." K.S.A. 2017 Supp. 8-1567(i)(1). Both the Wichita municipal ordinance and state law prohibit "operat[ing] . . . any vehicle" while "under the influence of alcohol." K.S.A. 2017 Supp. 8-1567(a); W.M.O. 11.38.150(a). But at the time of Ramos' Wichita municipal DUI, the W.M.O. defined "vehicle" differently from state law.

2

Before September 2016, the W.M.O. defined a vehicle as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks." *State v. Gensler,* No. 112,523, 2016 WL 2610262, at \*3 (Kan. App. 2016) (unpublished opinion), *rev. granted* 306 Kan. 1323 (2017). In contrast, state law defines a vehicle as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, *except* electric personal assistive mobility devices or *devices moved by human power* or used exclusively upon stationary rails or tracks." (Emphasis added.) K.S.A. 2017 Supp. 8-1485. While Wichita later amended the definition of vehicle to mirror the state law definition, Ramos' conviction occurred before the amendment. See W.M.O. 11.04.400 (Ord. No. 50-317, § 1, adopted September 13, 2016).

The recent Kansas Supreme Court case, *State v. Gensler*, 308 Kan. __, 2018 WL 3798387 (No. 112, 523, filed August 10, 2018) controls the outcome here. The court held that a prior conviction under the Wichita municipal DUI ordinance in effect before September 2016 does not count as a prior conviction for sentencing purposes under K.S.A. 2017 Supp. 8-1567(i)(1). 2018 WL 3798387, at \*6-8. The court reached this conclusion by applying an elements-based comparison similar to the approach developed by the United States Supreme Court in *Descamps v. United States*, 570 U.S. 254, 269, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and applied to Kansas sentencing law in *Dickey*. 301 Kan. at 1032.

As explained in *Dickey*, a district court may use either the categorical approach or the modified categorical approach to determine if a prior conviction may count for Kansas sentencing purposes. A court may use the categorical approach "when the statute forming the basis of the defendant's prior conviction contains a single set of elements constituting the crime." 301 Kan. at 1037. Under this approach, a sentencing court compares the elements of the prior crime of conviction with the relevant Kansas statute. 301 Kan. at 1037.

3

Courts should use the modified categorical approach "when the statute forming the basis of the prior conviction is a 'divisible statute,' *i.e.*, a statute which includes multiple alternative versions of the crime and at least one of the versions matches the elements of the [Kansas] offense" 301 Kan. at 1037-38. Because a divisible statute sets out the a crime's elements in the alternative, a sentencing court cannot tell whether a defendant's prior conviction qualifies as the Kansas offense just by looking at the elements. In such cases, the court may examine certain documents to determine "which of a statute's alternative elements formed the basis of the defendant's prior conviction." 301 Kan. at 1037-38. In *Gensler*, the court clarified that the modified categorical approach is not a separate approach but a means of applying the categorical approach. *Gensler*, 2018 WL 3798387, at *6.

The *Gensler* court found that the Wichita municipal DUI ordinance "prohibits operating a 'vehicle' under the influence. That is the element of the crime, which is then defined in a broad, inclusive way." 2018 WL 3798387, at *7.The definition of vehicle does not provide alternative elements, thus the modified categorical approach is inappropriate. Because the W.M.O. prohibits a broader range of conduct than state law, it does not prohibit the acts that K.S.A. 2017 Supp. 8-1567 prohibits. Thus, a prior municipal DUI conviction under the version of the Wichita municipal DUI ordinance in effect prior to September 2016 does not count as a prior DUI under state law. 2018 WL 3798387, at *6-8.

We are duty bound to follow the Kansas Supreme Court's holding in *Gensler*. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We therefore hold that the district court impermissibly relied on Ramos' prior Wichita municipal DUI conviction in sentencing him.

Sentence vacated and remanded for resentencing.