NOT DESIGNATED FOR PUBLICATION

No. 118,461

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LANDON ALAN ANZEK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed November 9, 2018. Vacated and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL, J., and STUTZMAN, S.J.

PER CURIAM: Landon Anzek appeals the revocation of his probation and imposition of his prison sentence. Because the court did not make particularized findings as required under K.S.A. 2015 Supp. 22-3716(c)(9), we remand to the district court for a new dispositional hearing.

The parties agree that the court erred by ruling it could bypass intermediate sanctions under K.S.A. 2017 Supp. 22-3716(c)(9)(B) because Anzek had received a

1

departure sentence. After all, the statutory amendment permitting a bypass of intermediate sanctions in cases where the defendant received a departure sentence did not go into effect until *after* Anzek violated his probation and was thus inapplicable.

*This appears to be a straightforward conviction and sentencing.*

In accordance with a plea agreement, Anzek pleaded guilty to burglary, criminal use of a financial card, and two counts of theft. Because his criminal history score was A, Anzek faced a presumptive prison sentence. But the State recommended a dispositional departure to probation as part of the plea agreement. The court sentenced Anzek to 32 months in prison, but it granted the dispositional departure and placed him on probation for 24 months. With Anzek's consent, the court, in January 2015, extended his probation term for one year.

Then, in April 2015, the State asked the court to revoke Anzek's probation alleging that he failed to report on several days, failed to make any payments on his court-ordered costs, and used alcohol and drugs. Anzek stipulated to violating his probation and the district court imposed a three-day "quick dip" jail sanction.

Once again, this time in December 2015, the State sought to revoke Anzek's probation, alleging that he violated the conditions of his probation by:

- failing to attend a preemployment class or meet with his intensive supervision officer as scheduled;
- failing to attend therapy classes;
- failing to pay court fines/fees since July 2015;
- failing to report for drug and alcohol testing;
- testing positive for using amphetamine, methamphetamine, and cocaine.

2

When the court held its revocation hearing, Anzek stipulated to violating the conditions of his probation. When the court asked for recommendations on disposition, defense counsel said:

> "Judge, this is kind of a complicated one. I don't know if requesting reinstatement, frankly, makes a lot of sense in this case because my client is going to be a guest to the Kansas Department of Corrections for several years, so even if the Court did revoke and reinstate his probation, he's going to come back here again on a failure to report ultimately.
>
> "So to me the resolution that I would ask for is for the Court to consider a sentence modification to reduce his sentence by six months. . . .
>
> . . . .
>
> "The allegations that he's stipulated to are serious ones, but they are still technical violations. I know the State is likely to take the position that there have been some changes recently in Kansas law that . . . even on technical violations . . . if the person was initially presumed for prison . . . and got probation, then we might not necessarily be looking at intermediate sanctions.
>
> "I'm not conceding to that argument, but I know that you're going to hear that. In either event, I would still draw to the Court's attention that these are technical violations.
>
> . . . .
>
> ". . . 26 months is still a long time, and that's what we're asking for."

For the State's part, the prosecutor noted that Anzek had recently been convicted of aggravated robbery and that was why he was currently in custody. But because he committed this new crime outside the term of probation, it was not considered a violation of his probation. The State asked that the court use a recent statutory change to bypass intermediate sanctions and find that it was not in Anzek's or the community's best interests for his probation to continue.

After hearing this, the court ruled that Anzek should go to prison:

"Mr. Anzek, this has been going on a long time, back more than two years now. While they're technical violations, it's not a basis for your revocation, your stipulation here today, clearly you continued using drugs.

"You had a dip. Ms. Weaver worked with you trying to give you the opportunity to better yourself back then. You further spiral[]ed, it sounds like, at that point going forward with the aggravated robbery case out of Wyandotte County.

"I believe that you're probably a good example of what the legislature was doing when they amended the statute. When it's both public safety concern, not amenable to probation, I don't see where any of that is going to benefit the community or benefit you.

"You just need to do your time. I'm not going to reinstate. I'm not going to modify your sentence. You just need to serve your sentence as previously imposed for those reasons."

The court revoked Anzek's probation and imposed his prison sentence. On the journal entry, the court commented that "due to previous departure, intermediate sanctions are bypassed." Anzek timely appeals.

*A review of the law is helpful at this point.*

K.S.A. 2015 Supp. 22-3716(c) limits the discretion of a court in deciding how to sanction a probation violator. The statute provides that a sentencing court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, unless some exceptions apply. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor or absconds from supervision while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2015 Supp. 22-3716(c)(8), (c)(9).

Effective July 1, 2017, the Legislature amended the statute, adding another exception. The exception permits courts to bypass the intermediate sanctions if the

4

offender was originally granted probation as the result of a dispositional departure granted by the sentencing court. K.S.A. 2017 Supp. 22-3716(c)(9)(B).

*The sentencing court needed to do more.*

Anzek had already served a three-day "quick dip" sanction under K.S.A. 2015 Supp. 22-3716(c)(1)(B) for prior probation violations. Thus, according to the statute, before imposing Anzek's underlying sentence, the district court had to impose either a 120- or 180-day sanction under K.S.A. 2015 Supp. 22-3716(c)(1)(C) or (D), or apply one of the statute's exceptions under K.S.A. 2015 Supp. 22-3716(c)(9).

As we have noted, the parties agree that the district court erred by ruling that it could bypass intermediate sanctions under K.S.A. 2017 Supp. 22-3716(c)(9)(B). Even so, the parties disagree about what should be done here.

The State makes two arguments: (1) Anzek invited the error and (2) the court made findings that the public's safety and Anzek's welfare would not be served by reinstating his probation. Anzek responds that the invited error rule does not apply because: (1) he asked the court to impose a reduced sentence, which the court did not do; and, (2) the invited error rule does not apply to imposition of a legally unauthorized sentence. Anzek also responds that the court did not make particularized public safety or offender welfare findings.

It is fundamental law that a litigant may not invite error and then complain of the error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). Whether the doctrine of invited error applies here presents a question of law, and appellate courts generally exercise unlimited review over questions of law. *State v. Hankins*, 304 Kan. 226, 230, 372 P.3d 1124 (2016).

5

For his view on this fundamental point, Anzek cites *State v. Dickey*, 301 Kan. 1018, 1027-32, 350 P.3d 1054 (2015), contending that the invited error doctrine does not apply to legally unauthorized sentences. In that case, our Supreme Court held an offender could not invite an illegal sentence. See 301 Kan. at 1032. But some panels of this court have rejected the argument that a violation of K.S.A. 22-3716 results in an illegal sentence. See, e.g., *State v. Horton*, No. 115,051, 2016 WL 5867237, at *2-3 (Kan. App. 2016) (unpublished opinion), *aff'd* 308 Kan. 757, 760, 423 P.3d 548 (2018). That said, at least one panel of this court has applied the invited error doctrine in the probation revocation context. See *State v. Stofanik*, No. 116,892, 2017 WL 3203422, at *2 (Kan. App. 2017) (unpublished opinion).

But we need not decide here whether the invited error doctrine applies. Simply put, Anzek invited the court to impose a prison sentence, but he did not necessarily invite the statutory interpretation error the court made. Anzek's attorney specifically stated that he was *not* conceding that the 2017 statutory amendment applied. The court could have made particularized findings that Anzek's welfare would not be served by probation or that public safety would be jeopardized by the continuation of probation. And Anzek asked for a reduction in his prison sentence, which the court denied.

We have explained the particularity requirement in *State v. McFeeters*, 52 Kan. App. 2d 45, 362 P.3d 603 (2015). As mentioned, the district court needed to "set forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by" intermediate sanctions. K.S.A. 2015 Supp. 22-3716(c)(9). When the law requires a court to make findings and state them with particularity, the findings must be distinct rather than general, giving exact descriptions of all details. 52 Kan. App. 2d 45, Syl. ¶ 2. Implicit findings are insufficient when particularized findings are required by statute. We cannot substitute our inferences for the district court's legally required explanations.

6

A court making findings under K.S.A. 2015 Supp. 22-3716(c)(9) must explicitly state "how" the public's safety would be jeopardized or "how" the offender's welfare would not be served by intermediate sanctions. *McFeeters*, 52 Kan. App. 2d. 45, Syl. ¶¶ 3-4. This is where the district court erred.

Because the court relied on K.S.A. 2017 Supp. 22-3716(c)(9)(B), it did not explain how public safety would be jeopardized or how Anzek's welfare would not be served by an intermediate sanction. The court merely mentioned the term "public safety" and said that reinstatement of Anzek's probation would not be a "benefit" to him. Any connection between the court's findings and either of the exceptions under K.S.A. 2015 Supp. 22-3716(c)(9) would need to be implied. As we said before, we cannot substitute our inferences for the district court's legally required explanations.

We vacate the order imposing Anzek's prison sentence and remand to the district court for a new dispositional hearing. At the hearing, the district court can either impose an intermediate sanction or set forth with particularity its reasons for invoking the exceptions under K.S.A. 2015 Supp. 22-3716(c)(9).

Vacated and remanded with directions.